

**SO ORDERED.**
**SIGNED this 29th day of July, 2011**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                                                                No. 08-16378

                                                                                       Chapter 7

STEVE A. McKENZIE

a/k/a TOBY McKENZIE,

  Debtor.

**MEMORANDUM AND ORDER**

On May 27, 2011, the court entered an "Order Granting in Part and Denying in Part the Motion for Relief of Grant Konvalinka & Harrison, P.C. and Extending Automatic Stay" ("Order")(Doc. No. 1288). The court's Order resolved some issues, reserved ruling on others, and allowed additional briefing and supplemental exhibits. Specifically, the Order provided that Grant, Konvalinka & Harrison ("GKH") would "have two weeks to supplement his [sic] pleadings with copies of the operating agreements and consents, if the operating agreements require consent prior to a transfer of the member's interest." *Order* at 2, Para. 6.  Both parties were granted two weeks to file supplemental briefs on the issue of whether the debtor could transfer an interest in the membership interests related to GKH's Motion for Relief, pursuant to Tenn. Code Ann. § 47-9-408. *Id*. at 3.  GKH has not filed any additional exhibits and neither party has filed any additional briefs. The court was under the impression that one of the parties had called the court asking for additional time, and the court was expecting an agreed order to confirm the new deadline.

In reviewing the docket, the court finds that on May 20, 2011, the court had granted the *ex parte* motions for Rule 2004 examinations filed by C. Kenneth Still ("trustee"), which requested the examinations of Nelson Bowers, II, and Steve Dillard. [Doc. No. 1267 & 1268].[1] The trustee's 2004 motions requested the right to take the examinations "for purposes of investigating the validity of [GKH's] secured claim and whether or not certain transfers to Grant, Konvalinka & Harrison may be avoided." Ex Parte Motion for 2004 Examination [Doc. No. 1263] at 1; "Ex Parte Motion for Rule 2004 Examination" [Doc. No. 1264] at 1.

---

[1] The court notes that the May 20, 2011, order at Doc. No. 1267 is linked to the trustee's motion to conduct a Rule 2004 examination of Steve Dillard but duplicates the order at Doc. No. 1268 granting the motion to conduct a Rule 2004 examination of Mr. Bowers. Thus, there are two orders in the court record providing for examination of Mr. Bowers, but there is no order of record providing for the examination of Mr. Dillard. The court has amended the order at Doc. No. 1267 to correct the error. Doc. No. 1370.

2

On July 8, 2011, GKH filed two motions for Rule 2004 examinations – one for F. Scott LeRoy and one for Richard L. Banks. Both motions have been opposed. GKH contends that it is entitled to examine the trustee's counsel with respect to any and all information relevant to the Motion for Relief filed by GKH.

On July 21, 2011, the court conducted a hearing on unrelated motions in the case. Counsel for GKH and counsel for the Trustee were present. At that time, the court, concerned that there had been a misunderstanding about the need for additional time, inquired whether either party intended to file any additional pleadings with respect to the Motion for Relief, especially in light of the motions filed shortly before and after the May 24, 2011, hearing, which sought to take additional discovery on topics central to the issues raised in the Motion for Relief.

Counsel for GKH indicated that he had understood the court's granting of the trustee's motions for Rule 2004 examinations and the trustee's continued discovery on the status of GKH's claim to mean that the court was allowing discovery to continue and that additional briefing could be done upon completion of discovery.  Counsel for the trustee represented that he was continuing discovery to determine whether there was a basis for objecting to a claim and filing an avoidance action based on the equitable tolling of the limitation of 11 U.S.C. § 546. He also represented that he had not asked the court for a ruling on equitable tolling, but directed the court to his request for 90 days to investigate whether raising equitable tolling was appropriate. *See* "Objection to Grant, Konvalinka & Harrison, P.C.'s Motion for Relief from Automatic Stay and Abandonment of Collateral" [Doc. No. 1229 at 3-4]. The subject of equitable tolling was argued in GKH's "Reply to Trustee's Objection to Grant, Konvalinka & Harrison, P.C.'s Motion for Relief from Automatic Stay and Abandonment of Collateral" ("Reply") at 4-7 [Doc. No. 1245].

3

Based on the foregoing chronology of events, the representations of the parties on July 21, 2011, and the confusion about whether the issue of equitable tolling has been raised, the court finds that a clarification of the status of the proceeding and a ruling on the trustee's request for additional time to investigate equitable tolling is appropriate to ensure that both sides may fully address the issue of whether the statute of limitations contained in 11 U.S.C. § 546 should be equitably tolled under the circumstances of this case. The court also will clarify the deadline for the parties to supplement their evidence on whether the debtor had authority to transfer his member interests and stock as collateral to GKH and whether the financial interests of the debtor were pledged even if consent were required but not given.

It is therefore ORDERED that:

1. The trustee's request for an additional period of time to conduct discovery and to supplement his evidence on the subject of equitable tolling is GRANTED. The trustee shall have through September 15, 2011, to complete his discovery on the issue of equitable tolling and the other subjects recited in the trustee's motions for 2004 examinations of Nelson Bowers, II, and Steve Dillard.

2. GKH shall have until September 15, 2011, to complete its discovery with respect to the issues related to the Motion for Relief.

3. Any supplemental briefs and exhibits on any issues remaining to be resolved in the Motion for Relief shall be filed by October 10, 2011. The briefs shall not exceed 25 pages.

4. The court shall conduct an additional evidentiary hearing with respect to the following issues: (a) whether the facts in this case equitably tolled the trustee's deadlines either to file an action seeking to avoid the lien of GKH in the Pledged

Interests or to challenge the validity of the claim such that if those causes of action remain, then those grounds would still exist to deny the motion for relief, and (b) what rights the debtor owned and could transfer in the Pledged Interests, other than Cleveland Auto Mall, LLC.

5. The hearing shall be held on October 24, 2011, at 9:00 a.m., in Courtroom A, Historic United States Courthouse, Chattanooga, Tennessee.

# # #