**SIGNED this 27th day of September, 2011**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                                                                  No. 08-16378
                                                                                        Chapter 7
STEVE A. McKENZIE
a/k/a TOBY McKENZIE,

        Debtor.

**MEMORANDUM**

Grant, Konvalinka & Harrison, P.C. ("GKH") filed a motion seeking leave of this court to file a state court action in Bradley County ("Motion for Leave"). [Doc. No. 1200]. This court held a hearing on the Motion for Leave on May 18, 2011. The court denied GKH's motion on August 5, 2011. [Doc. Nos. 1387, 1388]. GKH has now filed a motion entitled "Motion to Alter, Amend, and/or Otherwise Set Aside Order Denying Grant, Konvalinka & Harrison, P.C.'s Motion for Leave of Court to File Action in the Circuit Court of Bradley County, Tennessee (Doc. 1200)" ("Motion to Amend"). [Doc. No. 1406].

**I.     Background**

GKH seeks this court's alteration or amendment of its denial of GKH's Motion for Leave pursuant to Fed. Rules of Bankr. P. 9023 and 9024.  GKH asserts that:

> At the time GKH filed its April 22, 2011 Motion for Leave to File Bradley County Action, [Doc. 1200], GKH had not determined whether to name Steve A. McKenzie as a party to the contemplated state court action against Still and the Banks Defendants.  During the course of preparing the Complaint against Still and the Banks Defendants, which GKH believed should be filed before August 6, 2011, GKH determined that McKenzie was a necessary and indispensable party to such action.

[Doc. Nos. 1406, p. 3; 1406-1, pp. 2-3].  However, in both the three (3) page opening Motion for Leave and in the fifty-one (51) page supplemental briefing filed in support of the Motion for Leave, GKH never asserted that it intended to sue the debtor, Steve McKenzie, for malicious prosecution or abuse of process.  *See* [Doc. Nos. 1200, 1307].  In its opening motion, GKH sought leave "to file suit against the Trustee and *his* attorneys in the Circuit Court of Bradley County, Tennessee." [Doc. No. 1200 (emphasis added)].  GKH's proposed order mentioned only the trustee and his attorneys Richard L. Banks and Banks & Associates, P.C.  *See* [Doc. No. 1200-3].  In its supplemental briefing, GKH again stated that it wished to file a state court lawsuit against the trustee and his attorneys. [Doc. No. 1307, p. 1].

Before this court issued its ruling denying the Motion for Leave, GKH filed an action based on the same factual allegations proposed in the Motion for Leave in Hamilton County Circuit Court and in this court.  *See* [Adv. Proc. Nos. 11-1118, 11-1121].  The trustee removed the Hamilton County Circuit Court action to this court.  *See* [Adv. Proc. No. 11-1121, Doc. No. 1].  GKH has filed a "Motion for Remand and/or Alternatively to Abstain and/or Alternatively for Consolidation" in Adversary Proceeding No. 11-1121, seeking essentially the same relief which granting this motion would provide. [Adv. Proc. No. 11-1121, Doc. No. 3].

**II.    Analysis**

Federal Rule of Bankruptcy Procedure 9023 states in relevant part: "Rule 59 F. R. Civ. P. applies in cases under the Code.  A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."  Fed. R. Bankr. P. 9023.  Federal Rule of Bankruptcy Procedure 9024 states in relevant part that "Rule 60 F. R. Civ. P. applies in cases under the Code. . . ."  Fed. R. Bankr. P. 9024.

Federal Rule of Civil Procedure 59(e) governs motions to amend or alter a judgment. Fed.R.Civ.P. 59.  Federal Rule of Civil Procedure 60(b) governs grounds for relief from a final judgment order or proceeding.  Fed.R.Civ.P. 60(b).  GKH cites both Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) as grounds for its Motion to Amend.

The determination of whether to grant a motion to alter or amend a judgment pursuant to Rule 59(e) rests "within the informed discretion of the court."  *Hamerly v. Fifth Third Mortgage Co. (In re J&M Salupo Develop. Co.)*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008).  The Sixth Circuit Bankruptcy Appellate Panel explained that:

> such a motion [to alter or amend judgment] is an 'extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'  A court may reconsider a previous judgment: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice.  'A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories.  Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence.'  'The burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration.'

*Id.* (quoting *American Textile Mfrs. Inst., Inc. v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998); *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *In re Nosker*, 267 B.R. 555, 564-65 (Bankr. S.D. Ohio 2001)).

Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertance, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. Rule Civ. P. 60(b). As with Rule 59(e) motions, the court has discretion regarding whether to grant a Rule 60(b) motion. *See In re J & M Salupo Develop. Co.*, 388 B.R. at 801; *In re McKenzie*, 449 B.R. 306, 315 (Bankr. E.D. Tenn. 2011)(citing *Whitaker v. Associated Credit Serv., Inc.*, 946 F.2d 1222, 1224 (6th Cir. 1991)).

With respect to the Rule 59(e) factors, GKH has not provided legal or evidentiary support for any of the grounds pertinent to a Rule 59(e) motion. GKH argues that it has now decided that the debtor is an indispensable party, and that such a decision necessitates a reconsideration by the court. Its own pleading states that GKH had not determined whether to include Mr. McKenzie when it filed the Motion for Leave. From that statement, the court finds that Mr. McKenzie's involvement is no surprise to this litigant. What specific facts caused GKH to come to believe that Mr. McKenzie should be named were not provided to the court to support this motion. The court finds no "newly discovered evidence" before the court that would justify reconsideration.

GKH does not indicate to the court that there has been an intervening change in the law, nor does it identify a clear error of law pertaining to the Motion for Leave as GKH originally filed it. There is no suggestion that denial of GKH's Motion for Leave works a manifest injustice. In fact, the court will address GKH's jurisdiction and indispensable party arguments as they pertain to the motion for remand it filed in Adversary Proceeding No. 11-1121.

Nor do any of the Rule 60(b) factors apply here. GKH asserts no fraud or

misrepresentation by the opposing parties.  There is no judgment that GKH argues is void and that has been satisfied or discharged.

The court finds that GKH is attempting to recast its Motion for Leave under a new theory – i.e., that now the debtor is an indispensable party and GKH meant to ask for permission to sue the trustee, his attorneys, *and* the debtor.  This is not the purpose of a motion to amend.  *See In re J & M Salupo Develop. Co.*, 388 B.R. at 805.  Further, allowing the use of a motion to amend for such a purpose does not support the strong policies of conserving both judicial resources and the estate's resources.

Moreover, GKH has raised the same arguments in its motion to remand the lawsuit filed in Hamilton County Circuit Court in Adversary Proceeding No. 11-1121. To the extent appropriate, the court will address GKH's arguments in those proceedings in which Mr. McKenzie has been made a party. Nothing in this denial is intended to be a ruling on whether Mr. McKenzie is an indispensable party or a determination of what impact such a finding would have on the jurisdiction of this court.

### III.    Conclusion

For these reasons, the court will DENY GKH's Motion to Amend.

# # #