

**SO ORDERED.**
**SIGNED this 21st day of June, 2013**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_Shelley D. Rucker_
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:


STEVE A. McKENZIE,                                    Case No. 08-16378
                                                      Chapter 7

       Debtor.


_Appearances for Burr & Forman_
       David Houston
       Lawrence R. Ahern, III
       BURR& FORMAN LLP
       700 Two American Center
       3102 West End Avenue
       Nashville, TN 37203

_Appearances for Grant Konvalinka & Harrison PC_
       John P. Konvalinka
       Ninth Floor, Republic Centre
       633 Chestnut Street
       Chattanooga, Tennessee 37450-0900

1

**MEMORANDUM OPINION
ON FIRST AND FINAL APPLICATION OF
BURR & FORMAN LLP FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

The court has before it the First and Final Application of Burr & Forman, LLP

("Applicant") for Allowance of Compensation and Reimbursement of Expenses. The law firm of

Grant, Konvalinka & Harrison, P.C. ("GKH") has filed an objection to the application on the

basis that the fees did not benefit the estate. At the hearing on the application and the objection

held on March 25, 2013, GKH argued that the firm's employment was not necessary because the

Trustee should never have brought the action for which the Applicant was employed. GKH

argues that the work that was performed in furtherance of a motion to vacate an order in the case

of *Still v. Bowers, et al*., Adv. Proc. No. 10-1407 ("Motion to Vacate") was unnecessary based

on portions of the bankruptcy judge's opinion in that matter. Further, the reason for employing

additional counsel was not valid because there had been no effort to disqualify Mr. Farinash as

counsel for the Trustee.  The court finds that the services were necessary for the estate, and that

the fees charged were reasonable. The application will be granted subject to a holdback of 10%.

The court finds that it has jurisdiction to determine this contested matter pursuant to 11

U.S.C. 1334 and 157(b)(2)(O). The court makes the following findings of fact and conclusions of

law pursuant to Fed. R. Bank. P. 7052 as made applicable to contested matters by Fed. R. Bankr.

P. 9014(c).

*Employment*

The Trustee sought authority to employ the Applicant on March 5, 2012. He was retained

by the Trustee to assist him in seeking reconsideration of an order dismissing the adversary

proceeding, *Still v. Bowers, et al.,* Adv. No. 10-1407. The employment application stated:

> Trustee has determined that it is necessary to employ counsel to assist in
> various legal issues involved in this case specifically including, but not
> limited to, representation of the Trustee in the adversary proceeding styled
> *Still v. Bowers, et al,* Adversary Proceeding No. 10-1407. The Court has
> scheduled a hearing on the Trustee's Rule 60 Motion to Vacate the Order
> of Dismissal as to some defendants in that Adversary Proceeding. The
> Court has ordered Jerrold D. Farinash , the Trustee's current counsel in
> that matter to appear to be cross-examined at that hearing.  Jerrold D.
> Farinash cannot act as counsel at that hearing if there is a possibility he
> will be a witness. Counsel for Bowers has requested to take the deposition
> of Farinash in preparation for that hearing.

Application to Employ Burr & Forman LLP as Special Counsel for the Trustee, 1-2, March 5,

2012, ECF No. 1672  (" Employment Application"). The attorneys listed as the individuals who

would be working on the matter and their hourly rates were listed in the Employment

Application. The services to be provided included "representing Trustee in litigation matters and

reviewing other legal issues requested by the Trustee, preparing and reviewing legal documents,

conducting discovery and making necessary Court appearances and reporting to and advising the

Trustee on same." Employment Application at 2.

The order authorizing the employment was entered on April 3, 2012.  It authorized the

employment of Applicant as proposed in the Employment Application.

The order to be reconsidered was the order of dismissal of the adversary proceeding of

*Still v. Bowers,* Adv. Proc. No. 10-1407. In that lawsuit, the Trustee sought to recover a tract of

real estate, located in Bradley County on Exit 20 off Interstate 75, conveyed by a limited liability

company owned partially by the debtor to another limited liability company in which the debtor

had no interest (the "Exit 20 Transaction"). That adversary proceeding was dismissed based on

the court's finding that there had been no transfer of property of the estate or of the debtor.

Almost a year to the day, the Trustee filed a motion to reconsider the order based on his

contention that he had recently learned that the debtor had conveyed not only the real estate but

also his member interest in this transaction and that the court had specifically found that there

had been no transfer of the debtor's interest in its decision to dismiss the complaint. The Trustee

was represented by Jerrold Farinash in that motion. During the course of preparation for the

hearing on the motion to vacate the order of dismissal, GKH filed a subpoena to take Mr.

Farinash's deposition.  When the Trustee became aware that Mr. Farinash could be required to

testify, he sought to employ additional counsel to avoid requiring Mr. Farinash to be both a

witness and the attorney in violation of the Tennessee Rules of Professional Conduct adopted by

this court. E.D.Tenn. LBR 2090-2. That additional counsel was the Applicant.

The Applicant took over the laboring oar in prosecuting the Motion to Vacate.  Prior to

obtaining a ruling on the Motion to Vacate, the parties also made a decision to mediate this

adversary proceeding along with several other adversary proceedings pending in this court in an

attempt to achieve a global settlement. The mediation was not successful, and the court

ultimately denied the Motion to Vacate finding that "the alleged fraud and misrepresentation

supporting the [motion to vacate] were directed to a different transfer than the one alleged in the

original complaint." *Still v. Bowers*, Adv. Proc. No. 10-1407, *Transcript of Court's Ruling on

(134) Motion by Plaintiff to Compel, Request for Sanctions and Request for Expedited Hearing

and (140) Motion to Quash for Protective Order and [151] for Instructions Regarding Special*

*Counsel Filed by Defendants; [153] Plaintiff's Reply to Motion for Instructions as to Special*

*Counsel for Trustee before the Honorable John C. Cook, United States Bankruptcy Judge*, p. 15,

Lines 15-17, Oct. 15, 2012, ECF No. 168. The court went on to state that it did not believe that it

should "vacate an order that dismissed a complaint that should not have been filed in the first

instance so that an amended complaint alleging a different transfer could relate back to the date

the first complaint was filed." *Id*. at 15, Lines 18-22.  The court concluded that the trustee's

remedy was "equitable tolling, not reviving a properly dismissed adversary proceeding." *Id*. at

16, Lines 2-4.

### *Fee Application*

Applicant has now filed its final fee application requesting fees of $84,555 and expense

reimbursement of $1782.95. These fees represent 339.9 hours for a blended rate of $248.76. Of

those listed in the Employment Application, the Applicant seeks compensation for the services of

only four:  (1) Lawrence R. Ahern, III, an attorney whose hourly rate was disclosed to be $475;

(2) Alisa C. Peters, an attorney whose hourly rate was $260; (3) Faisal Delawalla, an attorney

whose hourly rate was $200; and (4) Melanie Mayes, a paralegal whose hourly rate was $180. *Id*.

at 2. The fee application is signed under declaration of penalty of perjury by Lawrence R. Ahern

III, a partner in the firm.

The rates actually charged when considered in light of the hours actually expended are

substantially less. The highest rate was charged by Lawrence R. Ahern, III, whose effective

hourly rate is $336.46 an hour. His actual hourly rate is $475.00 an hour.  Mr. Ahern is a

certified bankruptcy specialist with over 40 years of bankruptcy experience. His effective rate is

higher than that of other professionals retained in this case but the court may take this

certification into consideration in determining the appropriateness of his rate. 11 U.S.C.

330(a)(3)(E). The other attorneys listed on the application were admitted in 2006 and 2010. The

effective rates charged for their services were $125.04 and $198.00 respectively. These rates are

less than the rates charged by the other professionals in the case.  No time was charged for travel.

These accommodations bring the average rate within those charged by other professionals in the

case whose rates have previously been approved.  *See, e.g.*, *In re McKenzie,* No. 08-16378,

Amended Application to Employ Evans, LeRoy & Hackett, PLLC, as Special Counsel, Feb. 25,

2009, ECF No. 143, and Order, Apr. 3, 2009, ECF No. 238; Amended Application to Employ

Special Counsel for Trustee, Feb. 22, 2011, ECF No. 1033, and  Order, Mar. 22, 2011, ECF No.

1105.

*Issues*

GKH has filed the objection to the fees on the basis that the litigation produced no benefit

to the estate.  At the hearing, GKH argued that the legal actions which were turned over to the

Applicant should never have been brought.   GKH was one of the defendants in the adversary

proceeding and is a party in several of the adversary proceedings and appeals related to the Exit

20 Transaction. GKH is also a creditor in the case whose claim is the subject of another

adversary proceeding. *Still v. Grant, Konvalinka & Harrison, P.C.*, Adv. Proc. No. 11-1116.

Burr & Forman in its response contends that although the Motion to Vacate was denied,

its work has resulted in a second adversary being brought to recover the interest which has the

potential to produce a significant recovery for the estate. Further, the ruling denying the Motion

to Vacate clarified that an action to avoid a transfer of the debtor's member interest in the limited

liability company would not be barred by the doctrine of res judicata if the doctrine of equitable

tolling is applied in the second adversary proceeding. *Transcript*, Adv. Proc. No. 10-1407, ECF

No. 168 at 13-17.

*Analysis*

Section 330(a)(1) of the Bankruptcy Code provides for professionals retained by

the estate to receive "reasonable compensation for actual, necessary services rendered."

11 U.S.C. § 330(a)(1). Reasonable compensation is to be determined by "the nature, the

extent, and the value of such services." 11 U.S.C. § 330(a)(3).

> The Bankruptcy Code permits bankruptcy courts to award attorneys
> "reasonable compensation for actual, necessary services rendered." 11 U.S.C. §
> 330(a)(1)(A). The Code prohibits a court from awarding fees, however, for: "(i)
> unnecessary duplication of services; or (ii) services that were not-(I) reasonably
> likely to benefit the debtor's estate; or (II) necessary to the administration of the
> case." *Id.* § 330(a)(4)(A).

*Kemp, Klein, Umphrey, Endelman and May v. Bankruptcy Estate of Veltri Metal Products, Inc.,*

*(In re Veltri Metal Products, Inc.),* 189 F. App'x 385, 389 (6th Cir. 2006).

GKH first challenges whether the services provided were necessary and whether they

were likely to benefit the estate. 11 U.S.C. § 330(a)(4)(A)(ii). The thrust of GKH's objection is

that no results were obtained. It cites several cases in its objection in which fees have been

reduced when results were minimal or nonexistent. In *In re Allied Computer Repair, Inc*., 202

B.R. 877, 886 (Bankr. W. D. Ky. 1996), the bankruptcy court applied close scrutiny to a fee

application for $7,370 by a trustee acting as his own attorney in pursuit of a lawsuit that

generated only $15,000 in recovery and had the potential to recover only $50,000. The court

focused on one of five factors to consider for global fee adjustment, *i.e.,* results obtained in

pursuing potential estate assets, and awarded attorney's fees and expenses of approximately 50%

of the amount recovered.  In this case, the fees requested are approximately one tenth of the

potential recovery and include time spent on a mediation.  In another case cited by GKH, *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988), the Eleventh Circuit addressed fees requested in a class action regarding utility deposits for tenants of the Montgomery Housing Authority. The court in an extensive discussion of the issues to be considered in the allowance of a fee request noted that where results obtained by counsel achieve partial or limited success, award of attorney's fees must be reduced to an amount that is not excessive. *Id.* at 1302. The court also noted that it would be improper to make reductions based on a simple ratio of successful issues to issues raised. *Id.*  As later noted by a bankruptcy court addressing *Norman,* the Eleventh Circuit did not have bankruptcy compensation before it and did not address the policy considerations contained in 11 U.S.C. §330 for bankruptcy fee applications. *In re Port Royal Land & Timber Co.,* 105 B.R. 72, 76 (Bankr. S.D. Ala. 1989),*vacated and remanded, Port Royal Land & Timber Co. v. Berkowitz, Lefkovits, Isom & Kushner,* 924 F.2d 208 (11th Cir. 1991) (for further proceedings in view of *Grant v. George Schumann Tire & Battery Co*., 908 F.2d 874 (11th Cir. 1998)).  The *Port Royal* bankruptcy case noted that the "spirit of economy" had been replaced by a consideration that professionals should be compensated at the same rate as the attorney or other professional would be compensated for performing comparable services. *See also In re Holder*, 207 B.R. 574, 581 (Bankr. M. D. Tenn. 1997). The Eleventh Circuit remand directed the bankruptcy court to consider the Eleventh Circuit's holding in *Grant v. George Schumann Tire & Battery Co.* , 908 F.2d 874 (11th Cir. 1990). In *Grant*, the court found that trustee's counsel had acted in a self-serving manner and had continued litigating his fees for four years after the case could have been closed. The fee application before the court is a final fee application in which the court does not find that the Applicant engaged in any such self-serving litigation. Another case cited by GKH refers to a

15% penalty for failure to provide a benefit. *In re St. Vrain Station Co.*, 151 B.R. 549 (Bankr. D. Col. 1993). In that case the court also noted that the applicant had prepared an inadequate and incomplete fee application in which time was lumped together "making it impossible to tell if the time spent on each task was reasonable." *Id.* at 552. The court does not find substantial evidence of lumping in this case nor does it conclude that the resolution of the issue of res judicata or the efforts to mediate this highly litigated issues related to the Exit 20 Transaction were insignificant in this case.

The court finds that this situation is more akin to that of the efforts of the trustee and counsel in the case of *In re Red Ball*, *Inc*., 157 Fed. Appx. 850, 852 (6th Cir. 2005). There the Sixth Circuit upheld an award of fees for an action that appeared to be reasonably necessary at the time they were incurred, although those efforts later turned out to be largely unproductive. *Id*. In that case the trustee was pursuing a $4,000,000 judgment. In this case, the Trustee was pursuing a recovery that could add potentially $900,000 to the estate. Testimony of Lawrence R. Ahern, III, Mar. 25, 2013, at 3:32:44, *In re McKenzie*, No. 08-16378.  Further, had the mediation been successful, it might have saved the estate substantial additional fees and expedited a recovery to creditors. In *In re Red Ball*, the court also upheld "a modest reduction in fees due to an excessive amount of effort and time spent on even the most minor motions." The court does not see that excess reflected in Applicant's request. To the extent that GKH's complaint is that other counsel did not perform their jobs properly, the court will address those performances when those parties file their applications. The Sixth Circuit approximately a year later addressed the fees based on results issue in the context of providing administrative services that might provide no benefit to unsecured creditors.

Many courts have held that a benefit to the estate need not be a direct economic benefit. *See, e.g., In re Holder,* 207 B.R. 574, 584 (Bankr.M.D.Tenn.1997) (collecting cases reaching this conclusion). And even if the benefit to the estate must be economic, it does not follow that counsel's services must result in an economic benefit to the *unsecured creditors.*

<u>In re Veltri Metal Products, Inc.,</u> 189 F. App'x 385, 389-90 (6th Cir. 2006).

In this case the Trustee had a motion pending that if granted could have presented another avenue of recovery for the estate.  When the subpoena was filed by GKH, his counsel could no longer proceed with the litigation without risking violations of the Tennessee Rules of Professional Conduct adopted by this court. E.D.Tenn. LBR 2090-2.  GKH now argues that the Trustee over-reacted by hiring an additional firm when there was no effort by Mr. Bowers or GKH to disqualify Mr. Farinash from being his attorney. The parties stipulated that counsel for Mr. Bowers had discussed that Mr. Farinash could be disqualified as a witness only. Even that prospect required Mr. Farinash to consider whether risking disqualification even as a witness could jeopardize his client's position in the litigation. GKH was given notice of that concern and did not object to the Employment Application nor come forward with a solution that would have alleviated the need for additional counsel. While an argument which clarified that Mr. Farinash could have continued without violating his ethical obligations might have been persuasive at the time of the hearing on the Employment Application, the court does not find this argument persuasive after the fees had been incurred.  The court has previously found that it was necessary to employ additional counsel to pursue the Motion to Vacate. For the foregoing reasons, the court concludes that the services rendered were necessary to the administration of the estate.

The next determination the court must make is whether the fees requested reflect a reasonable number of hours actually worked and a reasonable hourly rate. *In re Boddy*, 950 F.2d 334, 338 (6th Cir. 1991). The court finds that both the number of hours worked and the hourly

10

rate to be reasonable given the assignment. "The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area." *Id.*(citation omitted). In *Boddy* the Sixth Circuit also cites to 12 factors listed in *Harman v. Levin (In re Robertson),* 772 F.2d 1150, 1152 at n.1. Those factors are:

1. The time and labor expended;

2. The novelty and difficulty of the questions raised;

3. The skill required to properly perform the legal services rendered;

4. The attorney's opportunity costs in pressing the instant litigation;

5. The customary fee for like work;

6. The attorney's expectations at the outset of the litigation;

7. The time limitations imposed by the client or circumstances;

8. The amount in controversy and the results obtained;

9. The experience, reputation and ability of the attorney;

10. The undesirability of the case within the legal community in which the suit arose;

11. The nature and length of the professional relationship between attorney and client; and

12. Attorneys' fees awards in similar cases.

*Id*.

Applicant was brought into the case in the midst of the litigation. From a review of the Employment Application and the discounts evident from the effective rates, the court does not find that Applicant charged for time incurred in getting up to speed on matters which Mr.

11

Farinash had previously handled. Applicant was hired on an hourly basis, rather than on a contingent basis and expected to be compensated in such a manner.

The Employment Application states that the representation involved complicated issues of corporate, real estate, commercial and bankruptcy law.  Mr. Ahern testified that Exit 20 Transaction required an analysis of limited liability law and the member's authority. The transfer involved real estate, and whether it or the member interest was property of the estate. There were also evidentiary and discovery issues addressed in the course of the representation.  The Motion to Vacate appears to have been litigated in the same thorough manner as the other adversary proceedings litigated in this case. As for expenses, the majority of the expenses are for the mediator. To the extent that mediation would have been successful, it had the potential to bring this case to a much speedier, less expensive conclusion.

Having found the services were necessary, the court finds the work was within the scope of the employment and completed in a reasonable number of hours and at a reasonable rate.  The court has previously required a hold back of 10% for other professionals who have filed interim applications. Although this is the final fee application, the court must still be concerned that there will be sufficient resources to pay administrative expenses at the conclusion of the case.  For that reason, the court will require a hold back of 10% of the fees allowed.

For the foregoing reasons the court grants the fee application of Burr & Forman in the amount of $84,555 in fees and $1,782.95 in expenses. The trustee is authorized to pay the sum of $76,099.50 for fees and $1782.95 in expenses, with a hold back of $8455.50. A separate order will enter.

# # #