**SIGNED this 19th day of September, 2013**

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In Re:

STEVE A. McKENZIE,                    Case No. 08-16378
                                                            Chapter 7

       Debtor.

## MEMORANDUM

Burr & Forman LLP ("Appellee") has filed an objection to the designation of the record prepared by Grant, Konvalinka & Harrison, P.C. ("GKH") and SEDI Acquisition, LLC ("SEDI") (collectively, "Appellants"). [Doc. No. 1918].[1] The Appellants have responded, and the court heard argument on the objection on September 12, 2013. [Doc. Nos. 1929, 1931, 1932]. The Appellant first challenges whether this court has jurisdiction to determine the contents of the record on appeal. If the court determines that it does, the court must then consider whether Appellee's objections have merit.

---

[1] All docket entry references refer to docket entries relating to Bankruptcy Case No. 08-16378, unless otherwise noted.

1

I.  Background

On April 3, 2012, this court entered an Order (Doc. No. 1689) authorizing employment of Appellee as Counsel for Trustee C. Kenneth Still (the "Trustee"). Appellee was retained as special counsel by the Trustee on March 5, 2012. [Doc. No. 1672]. Appellee completed its work and filed a First and Final Fee Application on November 26, 2012. [Doc. No. 1788]. Appellant objected to the fee application on December 17, 2012 (Doc. No. 1792), and a hearing was held on the fee application and the objection on March 25, 2013. The court entered an order granting the fee application on June 21, 2013, and the Appellant has filed a Precautionary Notice of Appeal. [Doc. No. 1895]. On July 19, 2013, Appellants filed a Designation of Record on Appeal. [Doc. No. 1907]. The designation included a number of items that were not made exhibits at the hearing, but that had been filed previously, either in the main case or in an adversary proceeding pending in the case. Appellee has objected to the designation of these items on the bases that the court did not rely on them in making its decision and/or they are irrelevant to the issues involved in the contested matter. Appellant contends that the court does not have jurisdiction to decide the question and that the items should be included because they are relevant or they help the appellate court to understand the issues on appeal.

II.  Analysis

A.  This Court's Jurisdiction

Both parties have provided the court with authorities on the issues and participated in oral argument. Based on the arguments of counsel, the authorities cited, and the pleadings filed by the parties, the court concludes that it does have jurisdiction to decide the matter. The court is persuaded by the arguments made in *In re Purvi Petroleum III, LLC*, No. 304-14423, 2012 WL

360047 (Bankr. M.D. Tenn. Feb. 2, 2012), *Amedisys, Inc. v. JP Morgan Chase Bank ( In re Nat'l Century Fin. Enter., Inc.)*, 334 B.R. 907 (Bankr. S.D. Ohio 2005), and *NLW Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518 (Bankr. S.D.N.Y. 2005).

Federal Rule of Civil Procedure 8006 outlines the deadlines and procedures for designating a record on appeal. It provides:

> Within 14 days after filing the notice of appeal…, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of the additional items to be included in the record on appeal….

Fed. R. Bankr. P. 8006. The Appellants would have the court follow the reasoning in *In re Dow Corning Corp.*, which determined that the bankruptcy court had "no discretion under Rule 8006 to strike designated items from the record on appeal." 263 B.R. 544, 546-548 (Bankr. E.D. Mich. 2001).

As noted in the *In re National Century Financial Enterprises, Inc.*,

> Rule 8006 does not explicitly provide a mechanism for resolving disputes over items designated in a record on appeal. While "the rule provides the appellee with a remedy for perceived *under*inclusivieness- viz., the specifying of 'additional items' for designation[,]" Rule 8006 is silent as to a party's recourse should it believe that another's designation of items is overinclusive.

334 B.R. at 912 (quoting *In re Dow Corning Corp.*, 263 B.R. at 546) (noting that the rule "is conspicuously silent on an appellee's recourse should it believe that the appellant's list is *over*inclusive").

Despite the lack of an explicit mechanism, a number of courts faced with the issue have concluded that authority over the record on appeal should remain with the bankruptcy court. For example, in *In re Ames Dep't Stores* the court explained why a bankruptcy court has jurisdiction to determine the record on appeal. 320 B.R. at 520-21. The court first noted that the designation

of the appellate record is filed in the bankruptcy court for the record to be assembled and transmitted to the appellate court. *See* Fed. R. Bankr. P. 8006. It then noted a more "fundamental reason" for allowing the bankruptcy court to maintain jurisdiction over the designation of the contents of the appellate record:

> The more fundamental reason is that the bankruptcy court knows best what was before it and what it considered in making its ruling. It is sometimes the case that matter is submitted to a bankruptcy court in a way that, while consistent with notice and due process, evades formal docketing or designation. It also is sometimes the case that the bankruptcy court takes judicial notice of matters—such as earlier proceedings in that court. The bankruptcy judge, as the court that issued the decision and order appealed from, is in the best position to know what it considered. It also is in the best position to know what was *not* considered.
>
> For these reasons, or a subset of them, it long has been clear that the *bankruptcy court* is the appropriate forum to determine a dispute of this character.

320 B.R. at 521.

The *National Century* court agreed with the reasoning in *In re Ames Dep't Stores* and held that the bankruptcy court was in the best position to clarify what it considered. 334 B.R. at 913-914. It addressed the arguments in *In re Dow Corning Corp.* and rejected what it termed the "minority position espoused by *Dow*." *Id.* at 916.

> The minority position ignores the directive in 28 U.S.C. § 158(c) that provides that bankruptcy appeals shall generally be taken in the same manner as the district court appeals, which are governed by the Federal Rules of Appellate Procedure. Applying Appellate Rule 10(e) to the present case and adopting the majority position lead the Court to the same result – that it has the authority to determine a dispute over the record on appeal. Lastly, adopting the minority position would lead to the untenable result of permitting any party appealing a decision of a bankruptcy court to designate absolutely any item it wishes for the appellate record.

*Id.* at 916.  This court agrees that the minority position would allow for inclusion in the appellate record items which were not considered by the court and items which, although available for consideration by the court, do not promote a full understanding of the parties' contentions.

4

The court agrees with the bankruptcy courts in *In re Ames Dep't Stores* and *National Century* and concludes that this court is in the best position to understand what it considered in the decision from which Appellants appeal. The court finds that it has jurisdiction to review Appellants' designation of the appellate record.

### B.   Appellee's Objections to Designation of Appellate Record

As to the merits, there are three groups of documents to which the Appellee objects: (1) documents related to the employment by the Trustee of Mr. Farinash, Appellee's predecessor, for representation in Adversary Proceeding No. 10-1407 and Appellants' objections; (2) a Notice of the Appointment of the Chapter 7 Trustee; and (3) the complaint and its exhibits filed by Nelson E. Bowers II alleging malicious prosecution and abuse of process by the Trustee and his original counsel employed in the bankruptcy case in Adversary Proceeding No. 10-1407. With respect to the first group, the court finds that the history of the employment of Mr. Farinash, as well as the history of the Appellants' objections to the expansion of his employment as litigation with Appellant expanded will be allowed. Although not specifically referenced in the court's opinion, these documents were available in the record of the case and do relate to the employment of Appellee's direct predecessor. The court did consider the scope of the roles of successive special counsel in its review of the fee application to ensure that the two attorneys' work did not overlap. Therefore, the court will overrule Appellee's objection to all documents designated by Appellant relating to the main Bankruptcy Case No. 08-16378 related to Mr. Farinash's employment.

With respect to the notice of the Trustee filed on December 27, 2012, Doc. No. 1800, the court did not rely on that Notice for its finding that Appellee was properly employed by a trustee. Rather, it relied on: (1) the order filed in the Chapter 11 proceeding authorizing the appointment of a trustee entered on February 19, 2009; (2) the conversion of the case on June 14, 2010 to a

chapter 7 proceeding; and (3) the amended notice of the first meeting of creditors indicating Mr. Still was the Chapter 7 Trustee. [Doc. No. 792]. Further, the issue of Mr. Still's authority to employ counsel was not raised in the Objection to Appellee's fees. Finally, the court finds that the inclusion of this Notice will not serve to improve the understanding of the appellate court, but rather will confuse an issue that the Sixth Circuit has already addressed. *See Grant, Konvalinka & Harrison v. Banks et al. (In re McKenzie)*, 716 F.3d 404, 416 n.6 (6th Cir. 2013). Therefore, the court will sustain Appellee's objection to Doc. No. 1800 and will strike it from the appellate record.

The most difficult question arises from the Appellant's desire to include a complaint filed by Nelson Bowers in Adversary Proceeding No. 11-1169 (the "Complaint"). First and foremost, the court did not consider the Complaint in its decision on the fee application. Appellee was not the Trustee's counsel prior to the filing of the Complaint. The Complaint was not an exhibit admitted at the hearing.

Whether the court considered it or not, Appellants argue that the Complaint should be included in the record for several reasons. As stated by their counsel, one reason for including the Complaint is because it sets forth Mr. Bowers' position that there was no reasonable basis to file a lawsuit against Mr. Bowers and that Adversary Proceeding No. 10-1407, filed by the Trustee was frivolous. Argument by John Konvalinka, September 12, 2013 Hearing, 11:43-11:44. In addition, Appellants argue that the Complaint was part of the record at the time the court made its ruling and it could have been considered by the court. Finally, the Appellants argue that the designation of the record on appeal should be liberally construed, and the Appellant should be allowed to include anything that would assist the appellate court in understanding the issues on appeal.

6

In response to these arguments, the court does not see that Mr. Bowers' position on the actions of the Trustee's prior counsel and the issues raised regarding the allowance of Appellee's fee application are sufficiently related to justify the Complaint's inclusion. The Appellee was not involved in pursuing the claims which Mr. Bowers contends in the Complaint were maliciously prosecuted. The evidence of maliciousness on which Mr. Bowers relied was that the Trustee brought a suit to recover real property that never belonged to the debtor. As such, the Trustee had no legal basis to make the claims he did. The bankruptcy court, in Adversary Proceeding No. 10-1407, found the Trustee's claims to be meritless based on the fact that the real property located at Exit 20 in Cleveland, Tennessee, was owned by a limited liability company named Cleveland Auto Mall, LLC, not the debtor. The Complaint seeking damages for malicious prosecution followed the bankruptcy court's dismissal. In addition, Mr. Bowers' position seems irrelevant since he did not object to the fee application and is not a party to this appeal.

The general rule for designation of the record is that only items considered by the bankruptcy court in reaching a decision should be included. *In re Ames Department Stores, Inc.*, 320 B.R. at 521 (quoting *Metro North State Bank v. The Barrick Group, Inc. (In re Barrick Group, Inc.)*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989)) (other citations omitted). As noted in the *Purvi Petroleum* decision, there is a recognized exception to this rule. *In re Purvi Petroleum III, LLC*, 2012 WL 360047 at *2. Courts have allowed the inclusion of other pleadings in a case even though they were not made exhibits and were not considered by the court if the pleading to be added is **closely related** to the matter at issue. *Food Distribution Center v. Food Fair, Inc., (In re Food Fair, Inc.)*, 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (finding record may be supplemented with materials from other adversary proceedings arising from the same bankruptcy

case closely related to the appeal); *Saco Local Development Corp. v. Armstrong Business Credit Corp. (In re Saco Local Development Corp.)*, 13 B.R. 226, 230 (Bankr. D. Me. 1981).

Although the relationship between the Complaint and the fee application is not close, the court cannot conclude that there is no relationship between the Complaint and Adversary Proceeding No. 10-1407 in which Appellee's services were performed. Appellee did appear in the same adversary proceeding that had been the subject of the Complaint, although the claims Appellee was employed to pursue were not the same claims which Mr. Bowers contended were malicious. By way of background, after the bankruptcy court's dismissal of Adversary Proceeding No. 10-1407, the Trustee's counsel sought to have the decision in Adversary Proceeding No. 10-1407 dismissing his claims reconsidered based on new evidence that the debtor's member interest had also been transferred in the Exit 20 Transaction, which this court referenced in its memorandum granting the fee application. The Appellee also sought permission to amend the Trustee's complaint in Adversary Proceeding No. 10-1407 to seek to recover the debtor's limited liability interest in Cleveland Auto Mall, LLC. Appellee became involved after the Trustee's original counsel in Adversary Proceeding No. 10-1407 had withdrawn from the litigation because he had been named in a malicious prosecution suit filed by Appellant, and then original counsel's replacement in Adversary Proceeding No. 10-1407 was subpoenaed to be a witness in relation to the motion to reconsider and amend. The connection of Mr. Bowers' position on "meritless" claims brought by one group of attorneys is not closely related to whether a different group of attorneys should be paid for bringing different claims. The court finds the connection of appearance in the same adversary proceeding more tenuous than the connections between the adversary proceedings included in the record on appeal in such cases as *Food Fair* and *Saco Local Development* where the court found the adversary proceedings to be "closely

related" to the appeal. *In re Food Fair, Inc.*, 15 B.R. at 570; *In re Saco Local Devel. Corp.*, 13 B.R. at 230.

As to Appellants' argument that anything in existence in the case at the time of the decision is subject to being included, the court acknowledges that it is familiar with the Complaint in Adversary Proceeding No. 11-1169. It has rendered an opinion dismissing Mr. Bowers' claims in that adversary proceeding on the basis of the Trustee's immunity. *Bowers v. Banks (In re McKenzie)*, 473 B.R. 274 (Bankr. E.D.Tenn. 2012). The Complaint and its exhibits were part of the record in the bankruptcy case at the time the court considered the Appellee's fee application. The court has considered the record of this case as a whole in addressing other matters. In rendering its opinion on this matter, the court could have considered the Complaint, although it did not.

Appellant argued that the designation of the record should be liberally construed, and the court agrees. In recognition of this policy, and in a situation in which the court finds a connection between the item to be added and the issue on appeal, but not a close relationship between the two, the course taken in the *Saco Local Development Corp*. case seems to be the appropriate course. 13 B.R. at 229. As that court did, this court does not find that the Complaint should be part of the record. However, the Complaint was on file at the time of the fee application hearing, and the court was aware of it. It will be transmitted to the Clerk of the District Court as a separate package so that the District Court will have the Complaint, together with this court's view on its relationship to this court's decision. The District Court may then rule on the significance of the item.

9

### III.    Conclusion

In conclusion, the court will sustain the Appellee's objection in part and overrule it in part. The court will sustain the Appellee's objection with respect to Bankr. Case No. 08-16378, Doc. No. 1800, the Notice of Appointment of Interim Trustee and Fixing of Bond and with respect to the Complaint and accompanying exhibits relating to Adversary Proceeding No. 11-1169, Doc. Nos. 1-0 through 1-22. The court will overrule Appellee's objection to the items related to Mr. Farinash's employment and GKH's objections thereto, Doc. Nos. 1126, 1186, 1213-0 – 1213-1, 1381, 1412, 1421, 1430, 1628, 1645, 1652, 1702, 1713-1 – 1713-1, 1715, 1716, 1723, 1743, 1827-0 – 1827-1.

The court will strike Doc. No. 1800, the Notice of Appointment of Interim Trustee and Fixing of Bond.

Documents relating to Adversary Proceeding No. 11-1169, Doc. Nos. 1-0 through 1-22 will not be included in the record, but will be sent in a separate package with the record with this memorandum and the related order for the District Court's consideration of the items' significance. The rest of the record designated by the Appellant shall be assembled and transmitted in accordance with Fed. R. Bankr. P. 8006.

A separate order will enter.

# # #